## GRANTHAM *v.* WALKER.

Opinion delivered June 11, 1923.

1. APPEAL AND ERROR—REVIEW—MATTERS SUBSEQUENTLY ARISING.— The Supreme Court is not authorized to consider, as grounds for reversal of a judgment, transactions between the parties claimed to constitute a waiver of the forfeiture which is the basis of the right of action upon which this judgment was rendered.

2. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.—Where a complaint by a landlord sought to have a lease forfeited for breach of all the covenants contained therein, including one to pay rent, a general instruction which submitted all the alleged breaches to the jury, was not prejudicial as authorizing them to consider the failure to pay rent as a breach, although the rent had in fact been paid, where, in another instruction, the jury were specifically told not to consider the failure to pay rent as a ground of forfeiture.

3.  LANDLORD AND TENANT—FORFEITURE OF LEASE—WAIVER.—Where there was evidence tending to prove that defendant lessee sublet parts of the demised premises without the plaintiff-lessor's consent, in violation of the contract of lease, testimony of plaintiff that he did not object to such subtenants cultivating the land, and would not have moved them from the place if he had got possession, did not show a consent to the subletting nor a waiver of forfeiture on that ground.

4.  LANDLORD AND TENANT—FORFEITURE OF LEASE—EVIDENCE.—Evidence *held* to sustain a finding of the jury that defendant had committed breaches of the lease contract which entitled the plaintiff to claim forfeiture of the lease.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

*J. T. Coston,* for appellant.

After the trial below and appeal, appellant paid appellee the rent for the second year, 1922, which constituted a waiver of all prior breaches of the lease contract and entitled him, upon a showing of that fact here, to a reversal and dismissal of the case. Acceptance of rent after a forfeiture for its nonpayment waives the forfeiture. 235 S. W. (Ark.) 787; 79 S. E. (Ga.) 854; 94 Atl. (R. I.) 664; 67 Atl. 1023. Appellee could have, after the forfeiture of the lease, brought suit against appellant for use and occupation for 1922 (C. & M. Digest, 6561; 25 Ark. 134), but, when he accepted the rent for 1922 under the lease, it operated as a waiver of forfeiture. The court erred in giving instruction No. 5 over appellant's specific objections. It was the court's duty to define the issues, instead of leaving the jury to determine them from the attorney's statement of the terms or covenants of the lease. 153 S. W. (Ark.) 835; 175 S. W. 1186; 18 S. W. (Tenn.) 269; 4 Iowa 155; 8 N. W. 647; 19 N. W. 283; 38 Mo. App. 181; 58 Ky. 574; 5 Iowa 274; 63 N. W. 562. Instruction No. 7 was also erroneous. 61 Ark. 113; 101 S. W. 725; 62 Ark. 353; 52 Ark. 11; 60 Ark. 532; 3 Cooley's Briefs on Insurance, 2604. Court erred in refusing appellant's requested in-

struction directing finding on ground of subletting premises.   115 S. W. 943; 117 S. W. 135; 57 Ark. 466.

*A. F. Barham,* for appellee.

The judgment should be affirmed for noncompliance with Rule 9.   133 Ark. 197; 143 Ark. 463.   No authenticated copy of the record filed.   C. & M. Digest, 2135; 73 Ark. 608; 72 Ark. 477; Ann. Cas. 1918-C 615; 41 Ind. 335; 49 Ind. 181; 160 Ind. 447; 67 N. E. 229; 209 Ill. App. 393; 285 Ill. 306, 120 N. E. 757.   The receipt was issued to appellant by the attorney under a misapprehension of the facts, from appellant's misleading statement thereof, and he was without authority to adjust or settle matter.   32 Ark. 346; 32 Ark. 74; 93 Ark. 342; 56 Ark. 355; 6 C. J. 659, § 175; 2 R. C. L. 1006, § 85; 233 Fed. 731, Ann. Cas. 1917-A, 921.   There was no waiver of the forfeiture by appellee.   The judgment is correct on the whole record, and will not be disturbed. 152 Ark. 271; 152 Ark. 597; 75 Ark. 329.   The failure to outline the covenants of the lease in the instructions did not mislead the jury.   *Wisconsin-Arkansas Lbr. Co. v. Smith,* 151 Ark. 95.   Appellant asked no correct instruction on the point.   133 Ark. 348; 137 Ark. 537; 150 Ark. 288; 87 Ark. 528.   Instruction No. 8 covered the point as to subletting premises without written consent of lessor.   The appeal should be dismissed.

*J. T. Coston,* in reply.

Appellee received the rent for 1922.   Knew it, and waived the forfeiture.   50 Ark. 406; 100 S. W. 884; 2 Tiffany, Landlord and Tenant, 1387.   Appellee knew of the subletting, and ratified it.   2 Black, §§ 561, 583; 110 S. W. 1038; 99 S. W. 70; 69 Ill. 448; 149 Fed. 625, 79 C. C. A. 317; 96 N. Y. Supp. 946; 186 Mo. App. 515, 172 S. W. 410; 170 Ill. App. 41; 1 Denis (N. Y.) 694, 3 Am. Dec. 651.   Cannot rescind in part.   20 Ark. 438. Appellee made no demand for further repairs.   182 S. W. 515.   The error of refusing to give requested instruction 1 not cured by giving No. 8.   Request No. 2 called the court's attention to necessity for a correct

instruction, and failure to give one was prejudicial error.   90 Pac. (Kan.) 993; 104 S. W. 433; 14 S. E. 17; 111 S. W. 1091.

McCULLOCH, C. J.  Appellee owns a farm in Mississippi County, consisting of about 315 acres in cultivation, and he leased it to appellant for a term of five years, beginning with the year 1921, for an annual rental of $3,500, payable on November 15 of each year.  The lease contract, which was in writing, contained a clause providing, in substance, that the lessee should keep the buildings, fences, ditches, gates and all other improvements "in good condition and complete repair" during the term; that he would "cultivate and manage the said farm and lands in a fair and proper manner, according to the most improved course of husbandry;" that the lessee would not "assign or underlet the premises or any part thereof without the consent, in writing, of the lessor; that he would, at the end of the term, surrender the premises in good condition and repair, and that, "on any breach of any of the covenants by the lessee herein contained, the lessor may reenter upon the said premises, and immediately thereupon the said term shall absolutely determine."

Appellee also sold to appellant all of the work-stock and feed and farming implements on the place for an agreed price  payable at the end of the first year, and appellant executed a note for the price, with a mortgage on the stuff sold to secure payment.

Appellee instituted this action against appellant to recover possession, after the first year of the lease, on the ground that there had been a forfeiture on account of breaches by appellant of all the covenants contained in the lease contract.  He also instituted a replevin suit against appellant to recover the mortgaged property for the purpose of foreclosing the mortgage, and also instituted an action for accrued rent.  The actions were consolidated and tried together, and the trial resulted in a judgment in favor of appellee for the recovery of the

leased premises. Judgments were also rendered in favor of appellee in the other cases, but no appeal has been prosecuted from either of them, and the questions relating thereto are thus eliminated from the controversy.

Appellant filed an answer denying the allegations in the complaint with respect to the breaches of covenants. The case was tried on the testimony of numerous witnesses, including the testimony of each of the parties.

Since the record was lodged in this court by appellant, he has filed a motion here to reverse the judgment and dismiss the complaint of appellee on the ground that, since the rendition of the judgment below and the prosecution of the appeal here, appellee has accepted payment of the rent for the year 1922 under the contract and executed a receipt therefor, reciting that the payment of rent was made under the written contract. It is contended that the acceptance of the rent under the contract operates as a waiver of the alleged forfeiture, and affidavits and counter-affidavits were filed here on the question as to whether the payment was made as rent or for the use and occupation of the premises while held under the supersedeas bond during the pendency of this appeal.

There is no statute which authorizes this court to consider, as grounds for reversal of a judgment, transactions between the parties claimed to constitute a waiver of the forfeiture which is the basis of the right of action upon which the judgment was rendered. There is a statute which provides that, where an appeal has been improperly granted, or appellant's right of further prosecuting the same has ceased, the appellee may move for a dismissal of the appeal. Crawford & Moses' Digest, §§ 2168, 2169. The statute does not, however, provide that the judgment may be reversed on account of any matters which occurred subsequent to its rendition. Nor are we aware of any principle of law or of practice which would authorize such procedure in an appellate court. In fact, it is clear that the exercise of such power would be original, and not appellate. It

would involve an inquiry which would be original in its nature, and not supervisory. We are of the opinion therefore that there is no authority for us to consider the question whether or not there has been a waiver of the forfeiture which constituted the basis of appellee's right of action.

It is next contended that the judgment should be reversed on account of error in the instructions to the jury. The particular error assigned is the ruling of the court in giving, on its own motion, instruction number 5, which reads as follows:

"Now the other suit is a suit in unlawful detainer, and that means, gentlemen, that the plaintiff contends that the defendant had breached the written lease con-, tract, and that, because of the breach, he has forfeited his right to the possession of the leased premises, and the duty you are called upon to perform is to pass upon the fact as to whether or not, under the instructions I. am going to give you, the defendant has, in some substantial way, breached any of the covenants contained in that written lease. As to what the covenants were, attorneys will call your attention to in their arguments, and I will not call your attention specifically to that, but will leave that to the lawyers in their arguments."

It is contended that this instruction was prejudicial in form, for it submitted all the alleged breaches by reference to the written contract and arguments of the attorneys, rather than by the court calling the attention of the jury to them separately, and also that it is erroneous in submitting to the jury the issues concerning breaches of covenants about which there is no evidence.

It must be conceded that the instruction is not in good form, but we do not discover that there is, for that reason, any prejudicial error, if there is evidence tending to show a breach of each of the covenants. The effect of the instruction was to submit to the jury all of the covenants embraced in the lease, and if the instruction is found to be abstract in any particular by submitting.

an issue about which there is no evidence, then it is preju-
dicial and calls for a reversal of the case; otherwise we
do not think it can be treated as prejudicial.

It is conceded that the rent was finally paid for the
year prior to the institution of this action (1921), and it
is contended that, as that was one of the grounds of for-
feiture alleged in the original complaint, it was error to
submit it along with the other grounds of forfeiture.
The court, however, gave another instruction specifically
telling the jury that it could not find in favor of appel-
lee on account of appellant's failure to pay rent.   In
other words, the court, by a specific instruction, elim-
inated the question of the payment of the rent from the
consideration by the jury, and we must assume that the
jury obeyed the specific direction of the court rather than
a general direction given with regard to the breaches of
covenants.

Again, it is contended that there is no evidence to
support the issue concerning the forfeiture on account
of subrenting parts of the premises without the written
consent of the lessor.   We think there was evidence suf-
ficient to submit that issue to the jury.   It is unnecessary
to relate the testimony in detail, but it was not, as con-
tended by counsel for appellant, admitted by appellee on
the witness stand that he knew of the subrenting, and
consented thereto.   The testimony tends to show that
most of the land was subrented to negro tenants, and
that appellee knew that the negroes were arranging with
appellant to cultivate parts of the land, but it is not
shown beyond dispute that appellee knew that there
were to be rent contracts, or consented thereto. 'Coun-
sel insist that appellee's admission on the witness stand
to the effect that he did not object to the negroes culti-
vating the land, and would not have moved them from the
place if he got possession, constituted an admission of
consent to the subletting, but we do not so construe the
testimony of appellee.   His testimony was given at the
trial in May, 1922, which was during the crop season.

and appellee had a right, if he got possession of the place, to retain the tenants on the place without subjecting himself to the charge of having waived the breach of the contract by appellant with respect to subrenting.

There was testimony sufficient to sustain the findings of the jury upon the issues concerning other alleged breaches of the contract. The testimony of appellant himself and other witnesses tended to show that the lands were not properly cultivated, and that a considerable portion thereof was permitted to lay out; that an average crop was not raised on the place, by reason of improper cultivation; that appellant failed to clean out the ditches, and let them fill up, and allowed sprouts to grow up; that a large crib on the place was blown over by a storm, and that appellant permitted the lumber to be carried away; that appellant tore down the picket fences and burned them, and allowed a tenant house to get out of repair; that he permitted the mules to eat away some of the posts which supported a large barn, and that the barn fell down and was completely wrecked on that account. The testimony tends to show that this barn was worth about $1,000, and that it was wrecked on account of appellant's carelessness in failing to keep the mules from gnawing the supports.

There is no error found in the record, and the judgment is therefore affirmed.